UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES GRANDBERRY, JR,

        Plaintiff,

        v.                                        Case No. 25-cv-922-bhl

P. DALLAS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James Grandberry, Jr., who is currently in custody at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Grandberry's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Grandberry has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Grandberry has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $52.00. The Court will grant Grandberry's motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Grandberry is an inmate at the Brown County Jail. Dkt. No. 1. Defendants are Chaplain Dallas and Lt. Sturm. *Id.* at 2. According to the complaint, Granberry practices a religion that requires fasting from sunrise to sunset. *Id.* at 5. On or around June 10, 2025, Grandberry filed a

request for food to be served after sunset to accommodate his religious practice. *Id*. Chaplain Dallas and Lt. Sturm denied the request for religious accommodation claiming, "that is not something that happens at Brown County Jail." Dkt. No. 1-1 at 2. They told him to "practice vegan" for 30 days instead. *Id*. Grandberry alleges that a vegan diet has nothing to do with his religion. *Id*. Granberry notes that "after hour" bag lunches are available for inmates with medical conditions but are not available for inmates who fast as a part of their religious practice. *Id*. at 1-2. For relief, Grandberry seeks monetary damages. Dkt. No. 1 at 6.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Grandberry's allegations implicate a claim under the First Amendment.[1] Under the First Amendment, "[p]risoners retain the right to exercise their religious beliefs, although that right is not unfettered." *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). Where prison officials "personally and unjustifiably place[ ] a substantial burden on [an inmate's] religious practices," they may violate an inmate's constitutional rights. *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016). "A substantial burden '[p]uts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id*. (quoting *Thomas v. Review Bd*., 450 U.S. 707, 717-718 (1981)). Denial of food puts substantial pressure on an inmate to modify his behavior and to violate his beliefs. *Jones v. Carter*, 915 F.3d 1147, 1150–51 (7th Cir. 2019).

---

[1] Grandberry only asks for monetary damages through this lawsuit. *See* Dkt. No. 1 at 6. Therefore, the Religious Land Use and Institutionalized Persons Act (RLUIPA) does not apply. *See* 42 U.S.C. § 2000cc-2(f); *see also Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (noting that RLUIPA "does not include suits for damages against a State.").

3

Grandberry alleges that he practices a religion that requires fasting from sunrise to sunset. He alleges that he requested a religious accommodation for food at sunset, but Chaplain Dallas and Lt. Strum denied the request, claiming "that is not something that happens at Brown County Jail." Grandberry alleges that "after hour" bag lunches are available for inmates with medical conditions, however. At this stage, it's unclear why "after hour" bag lunches are available for inmates with medical conditions but are not available for inmates who are fasting to practice their religion. Toward that end, it appears that there are no logistical barriers to providing "after hour" bag lunches and jail staff have simply chosen not to accommodate religious needs. Based on these allegations, the Court can reasonably infer that Chaplain Dallas and Lt. Sturm may have personally and unjustifiably placed a substantial burden on Grandberry's religious practice. Therefore, Grandberry may proceed on a First Amendment claim in connection with allegations that Chaplain Dallas and Lt. Sturm substantially burdened his religious practice at the Brown County Jail by denying accommodations for religious fasting on June 10, 2025.

## CONCLUSION

The Court finds that Grandberry may proceed on a First Amendment claim in connection with allegations that Chaplain Dallas and Lt. Sturm substantially burdened his religious practice at the Brown County Jail by denying accommodations for religious fasting on June 10, 2025.

**IT IS THEREFORE ORDERED** that Grandberry's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4 ) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Chaplain Dallas and Lt. Sturm pursuant to Federal Rule of Civil Procedure 4. Grandberry is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely

4

Case 2:25-cv-00922-BHL     Filed 10/10/25     Page 4 of 6     Document 8

because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Chaplain Dallas and Lt. Sturm shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Brown County Jail, as well as to the Brown County Sheriff, and the Brown County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of Grandberry shall collect from his institution trust account the **$298.00** balance of the filing fee by collecting monthly payments from Grandberry's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Grandberry is transferred to another institution, the transferring institution shall forward a copy of this Order along with Grandberry's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Grandberry is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Grandberry is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Grandberry may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on October 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge