UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES THOMAS GRANDBERRY, JR.,

Plaintiff,

v. Case No. 25-cv-0922-bhl

CHAPLAIN DALLAS PALMER et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff James Thomas Grandberry, Jr., is confined at the Brown County Jail and representing himself in this 42 U.S.C. §1983 case. He is proceeding on a First Amendment claim based on allegations that Defendants Chaplain Dallas Palmer and Lt. David Sturm substantially burdened his religious practice when they denied him an accommodation for a religious fast. On July 15, 2026, Defendants filed a motion for summary judgment. Dkt. No. 19. In a notice and order, the Court reminded Grandberry that under Civil L. R. 56(b)(2) his response materials were due by August 14, 2026. Dkt. No. 25. The Court warned Grandberry that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in his favor. The deadline to respond has passed, and the Court has not received Grandberry's response materials, so, as Grandberry was advised, the Court will assume all facts asserted by Defendants are true and will decide the motion without Grandberry's input.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Grandberry's failure to respond, the Court finds that the jail's meal-service policies and procedures are reasonably related to the legitimate penological interests of promoting health, safety, sanitation, staffing efficiency, and cost control. Moreover, the undisputed facts show that Grandberry did not comply with the jail's straightforward procedure for requesting an accommodation for a religious fast. As such, no jury could reasonably conclude that Defendants

violated the First Amendment when they followed jail policy and did not provide Grandberry with an accommodation that he never properly requested. *See Turner v. Safely*, 482 U.S. 78, 89-91 (1987) (correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, including safety, security, and economic concerns). Defendants are therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED** and this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of August, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.